Rev. 7/06
CO Hab Corp
AO 241 amd.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA



Page 1

# FILED

JAN 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Samuel Benedetto
_____
NAME (Under which you were convicted)

01876-068
_____
PRISON NUMBER

FCI-Elkton
_____
PLACE OF CONFINEMENT/ADDRESS
P.O. Box 10
_____
Federal Correctional Institution
Lisbon, Ohio  44432
_____


SAMUEL  BENEDETTO )
_____
(Full Name)            Petitioner )
)
)
v. )
)
)
J.T. SHARTLE, Warden )
_____
(Name of Warden, Superintendent, Jailor, or )
authorized person having custody of petitioner) )
Respondent )

Case: 1:08-cv-00115
Assigned To : Roberts, Richard W.
Assign. Date : 1/18/2008
Description: Habeas Corpus/2255

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN CUSTODY IN THE DISTRICT OF COLUMBIA

### INSTRUCTIONS - PLEASE READ CAREFULLY

1.  This petition must be legibly handwritten or typed, and signed by the petitioner. <u>Any false statement of material fact may serve as the basis for prosecution and conviction for perjury.</u> All questions must be answered concisely in the proper space on the form.

2.  Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3.  Upon receipt, your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee. Your check or money order should be made payable to: Clerk, U.S. District Court.

4.  If you cannot afford to pay the filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5.  Only sentences imposed by one court may be challenged in a single petition. If you seek to challenge sentences entered by different courts, you must file separate petitions as to each court.

6.  When you have completed the form, send the original and one copy to:
    Clerk, United States District Court for the District of Columbia
    Room 1225
    333 Constitution Avenue, NW
    Washington, DC 20001

7.  <u>Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.</u>

## PETITION

1.  (a)  Name and location of court which imposed the sentence (or detention) of conviction you are challenging:
    <u>U.S. District Court For The Western District of Pennsylvania, 7th Avenue and Grant Streets, Pittsburgh, PA 15219</u>
    <u>U.S. Parole Commission, 5550 Friendship Blvd. Chevy Chase, MD 20815-7201</u>

2.  (a)  Date of the sentence (or detention): <u>3-12-84</u>

3.  Length of sentence: <u>Consecutive Sentences totaling 60 years under the old law or parolable sentences</u>

4.  Nature of offense involved (all counts): <u>Parole Revocation (Original offense, Armed Bank Robbery)</u>

5.  (a)  What was your plea? (Check one):
    ☒ Not guilty
    ☐ Guilty
    ☐ Nolo Contendere (no contest)
    ☐ Insanity

(b)    If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____
N/A
_____
_____
_____
_____
_____
_____

6.    Have you previously filed any petitions, applications, or motions with respect to this sentence in any court?

     ☒XX    Yes
     ☐      No

7.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1)    Name of Court: __U.S. Court of Appeals For The Third Circuit__
        (2)    Nature of the proceedings: __Direct Appeal__
                _____
                _____
                _____

        (3)    Grounds raised: __Ineffective Assistance of Counsel, illegal sentence,__
__counsel under the influence.__
_____
_____
_____

        (4)    Did you receive an evidentiary hearing on your petition, application or motion?
                ☐     Yes
                ☒XX   No
        (5)    Result: _____Denied_____
        (6)    Date of result: __Not sure_____

(b)    As to any second petition, application, or motion, give the same information:
        (1)    Name of Court: _____N/A_____
        (2)    Nature of the proceedings: __N/A_____
                 _____
                _____
                _____

        (3)    Grounds raised: _____N/A_____
_____
_____
_____
_____

        (4)    Did you receive an evidentiary hearing on your petition, application or motion?
                 ☐     Yes  N/A
                ☐     No
        (5)    Result: _____N/A_____

(6)   Date of result: _____ N/A _____

(c)   As to any third petition, application, or motion, give the same information:
    (1)   Name of Court: _____ N/A _____
    (2)   Nature of the proceedings: _____ N/A _____
            _____
            _____
            _____

    (3)   Grounds raised: _____ N/A _____
            _____
            _____
            _____
            _____

    (4)   Did you receive an evidentiary hearing on your petition, application or motion?
            ☐   Yes
            ☐   No   N/A
    (5)   Result: _____ N/A _____
    (6)   Date of result: _____ N/A _____

(d)   Did you appeal to the highest court having jurisdiction for the result of action taken in any petition, application or motion?
    (1)   First petition, etc."
            ☒XX   Yes
            ☐   No
    (2)   Second petition, etc.:
            ☐   Yes
            ☐   No   N/A
    (3)   Third petition, etc.:
            ☐   Yes
            ☐   No   N/A

(e)   If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not: The current issues are related to the imposition of a parole revocation term, and Petitioner has exhausted his administrative remedy by appealing to the U.S. Parole Commission's National Appeals Board, and was not applicable to any other petition.
_____
_____

8.   State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

A.    **GROUND ONE:**
      (a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:  The Parole Commission's application of U.S.S.G. § 2B1.1(b) of the Sentencing Guidelines violates the Ex Post Facto laws, and exceeded the reviewing parole officer's recommendation by one-hundred percent. The United States Sentencing Guidelines were apparently used to calculate the revocation term imposed. The "Notice of Action" (herein enlisted as Exhibit A) states that, "Guidelines established by the Commission indicate a customary range of 24-32 months to be served before release. (See Continuation Attached).

B.    **GROUND TWO:**
      (a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:  Petitioner contends that his Fifth and Sixth Constitutional Amendment rights were violated when the Parole Commission relied on conduct that he has never been convicted of, and use  of pain medication that was prescribed to him by a physician. The Parole Commission's "Finding of Fact" as to Charge No. 1 and Charge No. 3, violate Petitioner's Fifth and Sixth Constitutional Amendment right because he has never been convicted of any law violations listed in Charge Nos. 1 and 3. Petititioner informed his parole officer that he was taking pain medication prescribed by a  physician, and documenting evidence was furnished to the hearing examiner to support said claim, as it relates to Charge No. 2.

C.    **GROUND THREE:**
      (a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:      N/A

D.  **GROUND FOUR:**

    (a)  Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:      N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9.  If any of the grounds listed in 12A, B, C, or D were not previously presented in any other court, District of Columbia or Federal, state briefly what grounds were not so presented, and give your reasons for not presenting them:    This action: stems from a parole revocation hearing and appeal, which was denied on February 21, 2007.  According to commentary case law under Title 18, § 4214, an action or petition regarding parole or parole revocation hearings are properly brought in the United States District Court For The District of Columbia.  Petitioner could not have presented these issues at any previous time.

_____

_____

_____

10.  Do you have any petition or appeal pending in any other court, either, District of Columbia or Federal, as to the sentence (or detention) under attack?

      ❏   Yes

      ☒XX  No

    (a)  If so, give the name and location of the court and case number, if known: _____

           N/A

_____

_____

11.  Do you have any future sentence to serve after you complete the sentence (or detention) under attack?

      ❏   Yes

      ☒XX  No

    (a)  If so, give name and location of court which imposed sentence to be served in the future:

           N/A

_____

_____

(b)    And give date and length of sentence to be served in future: _____N/A_____
_____

(c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

☐    Yes
☐    No    N/A

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Samuel Benedetto_
Petitioner's Signature

_1-5-08_
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL BENEDETTO,                          :
                                           :
                Petitioner,                :
                                           :
        v.                                 :    CIVIL ACTION
                                           :    NO.: _____
J. T. SHARTLE, WARDEN,                     :
                                           :
U.S. DEPARTMENT OF JUSTICE,                :
                                           :
U.S. PAROLE COMMISSION,                    :
                                           :
                Respondent(s).             :
                                           :
_____ /

## MEMORANDUM OF FACTS AND LAW
## IN SUPPORT OF PETITION
## FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

COMES NOW, Petitioner, Samuel Benedetto, acting pro se
and upon his own behalf, to hereby petition this Honorable Court
for a writ of habeas corpus under 28 U.S.C. § 2241, because he
is being held illegally and in violation of the laws and United
States Constitution. In support of his claim, Petitioner shows
the Court the following:

1.      Petitioner is a federal prisoner currently serving
a thirty-two (32) month illegal sentence for alleged parole
violations.

2.      Petitioner is currently serving this sentence at
the Federal Correctional Institution-Elkton, 8730 Scroggs Road,
P.O. Box 10, Lisbon, Ohio  44432.

3.      A parole revocation hearing was conducted on
January 24, 2007 regarding three (3) alleged charges.

08 0115

**FILED**

JAN 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

During this hearing, Petitioner disputed the charges of any parole violations, and presented evidence at the hearing.  The Parole Hearing Examiner found that Petitioner violated the terms and conditions of his parole, and directed that Petitioner serve sixteen (16) months for these violations.

4.    On February 21, 2007, the United States Parole Commission issued it's "Notice of Action" reaffirming that Petitioner's parole be revoked, but increased the term for the alleged violations to thirty-two (32) months to serve, double the time that the Parole Hearing Examiner imposed.  (See Exhibit A).

5.    Pursuant to extensions of time provided to Petitioner, he submitted his appeal to the National Appeals Board on May 15, 2007.  Petitioner has received no further decision from the National Appeals Board as of the date of filing this action.  However, pursuant to the rules and regulations of the Parole Commission, specifically § 2.26(f) states that, "... the National Appeals Board shall act within 60 days to reaffirm, modify or reverse the Regional Commissioner's decision..." (See Exhibit B).

6.    Therefore, Petitioner would have had to receive the decision from the National Appeals Board on or before July 15, 2007, excluding mailing time, to have complied with § 2.26(f) of the Parole Commission's rules and regulations.

## ISSUES PRESENTED

I.    THE PAROLE COMMISSION'S APPLICATION OF U.S.S.G. § 2B1.1(b) VIOLATES THE EX POST FACTO CLAUSE.

II.   THE PAROLE COMMISSION VIOLATED PETITIONER'S FIFTH AND SIXTH CONSTITUTIONAL AMENDMENT RIGHTS.

## ARGUMENT

I.    THE PAROLE COMMISSION'S APPLICATION OF U.S.S.G.
§ 2B1.1(b) VIOLATES THE EX POST FACTO CLAUSE.

Petitioner was convicted of three separate armed bank robberies in the United States District Court For The Western District of Pennsylvania at Pittsburgh, on March 12, 1984, to consecutive sentences totaling sixty (60) years. Petitioner was sentenced under the "Old Law" pursuant to 4205(A), which made him eligible for parole after serving one-third of his sentence, and prior to the enactment of the Sentencing Reform Act of 1984, which became effective in 1987.

On January 24, 2007, a parole revocation hearing was conducted regarding three (3) alleged charges which forms the basis of this action. During this hearing, Petitioner disputed the charges of any parole violations, and presented evidence at the hearing that Petitioner had not been convicted of two of the alleged three (3) offenses, and has not been convicted on said charges as of the date of filing this action. The remaining charge by the Parole Commission, Charge 2, alleged that Petitioner used dangerous and habit forming drugs. However, at the hearing Petitioner introduced evidence that he had informed his parole officer that his physician had prescribed him a pain medication for a degenerated disc that did contain opiates. Petitioner, through represented counsel, W. Penn Hackney, furnished the Hearing Examiner with documented proof of the pain medication that he was prescribed by a physician to take.

-3-

The Parole Hearing Examiner found that Petitioner had violated the terms and conditions of his parole, and directed that Petitioner serve sixteen (16) months for these violations. However, on February 21, 2007, the United States Parole Commission issued it's "Notice of Action" reaffirming that Petitioner's parole be revoked, but increased the term for the alleged violations to thirty-two (32) months to serve, double the time that the Parole Hearing Examiner imposed, and apparently applied the revocation period pursuant to the United States Sentencing Guidelines, U.S.S.G. § 2B1.1(b), which violates the Ex Post Facto Clause of the United States Constitution. The Parole Commission's apparent application of U.S.S.G. § 2B1.1(b) is clearly more onerous than that of the prior laws governing parole and revocation.

In <u>Miller v. Florida</u>, 482 U.S. 423, 96 L.Ed.2d 351, 107 S.Ct. 2446, Justice Chase explained "that the reason the Ex Post Facto Clauses were included in the Constitution was to assure that federal and state legislatures were restrained from enacting arbitrary or vindictive legislation. See 3 Dall, at 389, 1 L.Ed. 648. Justices Paterson and Iredell, in their separate opinions in Calder, likewise emphasized that the Clauses were aimed at preventing legislative abuses. See id., at 396, 1 L.Ed. 648 (Paterson, J); id., at 399-400, 1 L.Ed. 648 (Iredell, J.). In addition, the Justices' opinions in Calder, as well as other early authorities, indicate that the Clauses were aimed at a second concern, namely, that legislative enactments "give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." Weaver v. Graham, supra, at 28-29, 67 L.Ed.2d 17, 101 S.Ct. 960. See Calder v. Bull, 3 Dall, at

-4-

388, 1 L.Ed. 648 (Chase, J.); id., at 396, 1 L.Ed. 648 (Paterson, J.);
1 W. Blackstone, Commentaries * 46. Thus, almost from the outset,
we have recognized that central to the ex post facto prohibition
is a concern for "the lack of fair notice and governmental
restraint when the legislature increases punishment beyond what
was prescribed when the crime was consummated." Weaver, 450 U.S.
at 30, 67 L.Ed.2d 17, 101 S.Ct. 960. Miller, Id. at 359-360.

The Court in Miller further noted, as Petitioner contends
in his instant case at bar, that "Petitioner plainly has been
"substantially disadvantaged" by the change in sentencing laws.
To impose a 7-year sentence under the old guidelines, the sentencing
judge would have to depart from the presumptive sentence range of
$3\frac{1}{2}$ to $4\frac{1}{2}$ years. As a result, the sentencing judge would have to
provide clear and convincing reasons in writing for the departure,
on facts proved beyond a reasonable doubt, and his determination
would be reviewable on appeal. By contrast, because a 7-year
sentence is within the presumptive range under the revised law,
the trial judge did not have to provide any reasons, convincing
or otherwise, for imposing the sentence, and his decision was
unreviewable. Thus, even if the revised guidelines law did not
"technically ... increase ... the punishment annexed to
[petitioner's] crime," Lindsey, supra, at 401, 81 L.Ed. 1182, 57
S.Ct. 797, it foreclosed his ability to challenge the imposition
of a sentence longer than his presumptive sentence under the old
law. Petitioner therefore was "substantially disadvantaged" by
the retrospective application of the revised guidelines to his
crime." Quoting Miller, Id. at 361-362.

Page two of Petitioner's "Notice of Action," which is herein enlisted as Exhibit A, clearly states that, "Your parole violation behavior has been rated as criminal conduct of Category Three severity because it involved Forgery between $2,000 and $40,000 and administrative violations... Guidelines established by the Commission indicate a customary range of 24-32 months to be served before release."

In comparison, the United States Sentencing Guidelines at U.S.S.G. § 2B1.1(b) provides for a base offense level of 6, and an increase of an additional 8-levels because the alleged loss involved between $2,000 and $40,000. This would place Petitioner at a base offense level of 14, with a Criminal History Category of Three, would result in a guideline range of 21 - 27 months under the new law, or United States Sentencing Guidelines. The Parole Hearing Examiner found that Petitioner violated the terms and conditions of his parole, and directed that Petitioner serve sixteen (16) months for these violations. However, the United States Parole Commission, apparently relying on the Sentencing Guidelines at U.S.S.G. § 2B1.1(b) imposed even greater punishment than revealed at the top of the guidelines for a new offense, when this was only an alleged violation of the conditions of parole. In either event, the action taken by the United States Parole Commission violates the Ex Post Facto Clause of the United States Constitution because the punishment is clearly more onerous than that of prior laws governing parole and revocation. Therefore, Petitioner was substantially disadvantaged by the retrospective application of the revised guidelines to the alleged violations of the conditions of Petitioner's parole as evidenced by the

-6-

Parole Commission's decision in it's "Notice of Action."

The Ex Post Facto clause provides: "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. Art. I, § 9, cl. 3; see also U.S. Const. Art. I, § 10, cl. 1. A law does not run afoul of the Ex Post Facto clause unless it retroactively alters the definition of criminal conduct **or increases the penalty by which a crime is punishable**. See Cal.Dep't of Corr. v. Morales, 514 U.S. 499, 506, n. 3, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995); see also, e.g., Lynce v. Mathis, 519 U.S. 433, 440-41, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997) (citing Calder v. Bull, 3 U.S. (Dall.) 386, 390, 1 L.Ed. 648 (1798)); United States v. Brady, 88 F.3d 225, 227 (3rd Cir. 1996) (citing Cummings v. Missouri, 71 U.S. (4 Wall.) 277, 326, 18 L.Ed. 356, (1866)). The Sentencing Guidelines-along with all statutes that impose or dictate sentence-are, of course, subject to the Ex Post Facto clause. See Miller v. Florida, 482 U.S. 423, 429-35, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); United States v. Kopp, 951 F.2d 521, 526 (3rd Cir. 1991); see also U.S. SENTENCING GUIDELINES MANUAL § 1B1.11 (2003). But a District Court is entitled to employ the Guidelines in place at the time of sentencing **unless** doing so would expose the defendant to harsher penalties than were in effect at the time the crime was committed. See United States v. Corrado, 53 F.3d 620, 622-23 (3rd Cir. 1995). In order to establish, therefore, that the Ex Post Facto clause requires the application of an earlier version of the Sentencing Guidelines, a defendant must show that the crime was committed at a time that the earlier Guidelines version was in force and that the earlier version is more favorable to him or her. See United States v. Audinot, 901 F.2d 1201, 1202 (3rd Cir. 1990). Quoting U.S. v. Lennon, 372 F.3d 535 (3rd Cir. 2004) at 538-39.

-7-

In the instant case at bar there is no question that Petitioner's original offense occurred prior to 1984, as he was sentenced on March 12, 1984 under the "Old Law" pursuant to 4205(A), which made him eligible for parole after serving one-third of his sentence, and prior to the enactment of the Sentencing Reform Act of 1984, which became effective in 1987. As such, any period of time imposed for a violation of the conditions of his parole at any subsequent revocation hearing, should be imposed consistent with the revocation periods governed by the laws and the Commission's regulations from the time frame in which Petitioner was originally sentenced, and authority of the Parole Commission.

In U.S. v. Davis, 397 F.3d 340 (6th Cir. 2005) the Court noted that, "Generally, the district court is instructed to apply the version of the Guidelines in place at the time of sentencing. U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 1B1.11(a) (2002). However, the Guidelines clearly instruct the court to apply the version in place at the time the defendant's offense was committed if applying the current Guidelines would amount to a violation of the ex post facto clause, Article I, § 9, cl. 3 of the United States Constitution. U.S.S.G. § 1B1.11(a), (b)(1) (2002); see also Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); United States v. Kussmaul, 987 F.2d 345, 351-52 (6th Cir. 1993). The ex post facto clause is implicated where a law punishes retrospectively; "[a] law is retrospective if it 'changes the legal consequences of acts completed before its effective date.'" Miller, 482 U.S. at 430, 107 S.Ct. 2446, 96L.Ed.2d 351 (quoting Weaver v. Graham, 450 U.S. 24, 31, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981)); see also United States v. Milton, 27 F.3d 203, 210 (6th

Cir. 1994) (noting that "when the guidelines in effect at the time of sentencing provide for a higher range than those in effect at the time the crime was committed ... an ex post facto problem exists and the court must not impose a sentence in excess of that allowed by the older guidelines.") (citation omitted). Quoting Davis, Id. at 346-47.

The Court in U.S. v. Davenport, 445 F.3d 366 (4th Cir. 2006) also notes that, "The Ex Post Facto Clause prohibits, inter alia, the enactment of "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (internal quotation marks omitted). Accordingly, a law violates the Ex Post Facto Clause when it is retrospective - i.e., when it applies to events predating its enactment-and it disadvantages those to whom it applies. See Lynce v. Mathis, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). The central concern of the ex post facto prohibition is "the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." Weaver, 450 U.S. at 30, 101 S.Ct. 960. The clause seeks to ensure "that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed," and it guards against "arbitrary and potentially vindictive legislation." Id. at 28-29, 101 S.Ct. 960. Quoting Davenport, Id. at 369.

Petitioner contends that the Parole Commission acted outside its authority in revoking his parole, and increasing his punishment to thirty-two (32) months, and in violation of the Ex Post Facto

clause, in which decision was based on insufficient evidence to
make such a probable cause determination, and applied § 2B1.1(b)
of the United States Sentencing Guidelines erroneously.

Wherefore, the defendants application of the United States
Sentencing Guidelines, at U.S.S.G. § 2B1.1(b), clearly violates
the Ex Post Facto clauses of the United States Constitution, and
as such, Petitioner is being held illegally and in violation of
the laws of the United States.


II.    THE PAROLE COMMISSION VIOLATED PETITIONER'S
       FIFTH AND SIXTH CONSTITUTIONAL AMENDMENT RIGHTS.

As noted above, a parole revocation hearing was conducted
on January 24, 2007, regarding three (3) alleged charges under
the "Findings of Fact" in the Parole Commission's "Notice of Action"
herein enlisted as Exhibit A.  Charge No. 1 refers to "Law Violations:
(a) Possession of Heroin; (b) Tampering With Physical Evidence,
with the basis being, "The police report dated 11-17-2005 and the
violation report dated 12-29-2005.  Charge No. 2 refers to "Use
of Dangerous and Habit Forming Drugs, with basis being, "The
violation reports dated 12-29-2005 and 10-05-2006.  Charge No. 3
refers to "Law Violations: (a) Forgery; (b) Bad Checks; (c) Identity
Theft," with the basis being, "The violation report dated 10-05-2006
and the police report dated 09-10-2006."

During this hearing, Petitioner disputed the charges of any
parole violations, and presented evidence at the hearing that
Petitioner had not been convicted on said charges prior to, during
or after the revocation hearing, nor has he been convicted of said charges
as of the filing of this action.  The remaining charge by the Parole

-10-

Commission, Charge 2, alleged that Petitioner used dangerous and habit forming drugs.  However, at the hearing Petitioner introduced evidence that he had informed his parole officer that his physician had prescribed him a pain medication for a degenerated disc that did contain opiates.  Petitioner, through represented counsel, W. Penn Hackney, furnished the Hearing Examiner with documented proof of the pain medication that he was prescribed by a physician to take.  However, the Parole Hearing Examiner found that Petitioner had violated the terms and conditions of his parole, and directed that Petitioner serve sixteen (16) months for these violations. However, on February 21, 2007, the United States Parole Commission issued it's "Notice of Action" reaffirming that Petitioner's parole be revoked, but increased the term for the alleged violations to thirty-two (32) months to serve, double the time that the Parole Hearing Examiner imposed.  As such, the defendants violated Petitioner's Fifth and Sixth Constitutional Amendment rights.

The Supreme Court noted in <u>Morrissey v. Brewer</u>, 408 U.S. 471, 33 L.Ed.2d 484, 92 S.Ct. 2593, regarding the revocation hearing that, "There must also be an opportunity for a hearing, if it is desired by the parolee, prior to the final decision on revocation by the parole authority.  This hearing **must** be the basis for **more** than **determining probable cause**; if must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation.  The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." <u>Morrissey</u>, <u>Id.</u> at 498.  The <u>Morrissey</u> Court also  held that the

-11-

conditional freedom of a parolee generated by statute is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment which may not be terminated absent appropriate due process safeguards.  The revocation hearing mandated by Morrissey is bottomed on the parallel interests of society and the parolee in establishing whether a parole violation has occurred and, if so, whether under all the circumstances the quality of that violation calls for parole revocation.  Morrissey, Id. at 408 U.S. at 485, 33 L.Ed.2d 484, 92 S.Ct. 2593.

The Supreme Court in Moody v. Daggett, 429 U.S. 78, 50 L.Ed. 2d 236, 97 S.Ct. 274, noted that, "...there is a practical aspect to consider, for in cases such as this, in which the parolee **admits** or **has been convicted** of an offense plainly constituting a parole violation, the only remaining inquiry is whether continued release is justified notwithstanding the violation." Moody, Id. at 245.

The Moody decision continues to follow the more recent decisions of the Supreme Court in United States v. Booker, 125 S.Ct. 738 (2005) which clearly indicate that Booker did not invalidate it previous decisions in Jones v. United States, 526 U.S. 227 (1999); Apprendi v. New Jersey, 120 S.Ct. 2348 (2000); Ring v. Arizona, 536 U.S. 584 (2002); and Blakely v. Washington, 124 S.Ct. 2531 (2004).

The Jones Court reversed the judgment of the Court of Appeals, and Justice Stevens, concurring added that, "I am convinced that it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is  exposed.  It is equally clear that such facts must be established beyond a reasonable doubt." Jones, Id. at 252-253.

In _Apprendi v. New Jersey_, 120 S.Ct. 2348 (2000) the Court reasoned that, "When a judge's finding based on a mere preponderance of the evidence authorizes an increase in the maximum punishment, it is appropriately characterized as "a tail which wags the dog of the substantive offense." _Apprendi_, _Id._ at 2365.

The United States Supreme Court in _Ring v. Arizona_, 536 U.S. 584 (2002) evolved two years later reaffirming it's decision in _Apprendi_, 120 S.Ct. 2348, and noted that, "Because Arizona's enumerated aggravating factors operate as "the functional equivalent of an element of a greater offense," _Apprendi_, 530 U.S., at 494, n. 19, the Sixth Amendment requires that they be found by a jury. Pp. 597-609. The _Ring_ Court added that, "Subsequently, the Court suggested in _Jones_ that any fact (other than a prior conviction) that increases the maximum penalty for a crime must be submitted to a jury, 526 U.S., at 243, n. 6. If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact - no matter how the state labels it must be found by a jury beyond a reasonable doubt. See _Id._ at 482-483. A defendant may not be exposed to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the jury verdict alone. _Id._, at 483. Quoting _Ring_ at 585-586.

Justice Scalia, with whom Justice Thomas joins, concurring in _Ring_, stated that, "On the other hand, as I wrote in my dissent in _Almendarez-Torres v. United States_, 523 U.S. 224, 248 (1998), and as I reaffirmed by joining the opinion for the Court in _Apprendi_, I believe that the fundamental meaning of the jury-trial guarantee of the Sixth Amendment is that all facts essential to

-13-

imposition of punishment that the defendant receives - whether that statute calls them elements of the offense, sentencing factors, or Mary Jane - must be found by the jury beyond a reasonable doubt." Ring, Id. at 610.   Justice Kennedy wrote concurring, "When a finding has this effect, Apprendi makes clear, it cannot be reserved for the judge." Ring, Id. at 613.

Two years after the Supreme Court's Ring decision, the Court decided Blakely v. Washington, 124 S.Ct. 2531 (2004), which noted that, "When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment," Bishop, supra, § 87, at 55, and the judge exceeds his proper authority." Blakely, Id. at 2537.

In Petitioner's case at bar, the judge was the Parole Hearing Examiner, which based his decision not on facts presented, but on his own preponderance of the evidence standard, which was ultimately increased from his imposition of sixteen (16) months to thirty-two (32) months by the Parole Commission's "Notice of Action."  While Petitioner acknowledges that a parole revocation hearing does not require a finding by a jury, it does however, require clear and convincing evidence that Petitioner violated the terms and conditions of his parole that warrant the imposition of any time of incarceration, much less the fact that the Parole Commission increased Petitioner's punishment over double of that imposed by the Parole Hearing Examiner, and on which decision was based on the same facts as that of the Parole Hearing Examiner.

However, in the instant case, the evidence is far from clear and convincing that Petitioner violated the terms and conditions

of his parole.  The Parole Commission in it's "Notice of Action,"
relied on it's "Findings of Fact," which is enlisted herein as
Exhibit A.  Charge No. 1 refers to "Law Violations: (a) Possession
of Heroin; (b) Tampering With Physical Evidence, with the basis
being, "The police report dated 11-17-2005 and the violation
report dated 12-29-2005.  Charge No. 2 refers to "Use of Dangerous
and Habit Forming Drugs, with the basis being, "The violation
reports dated 12-29-2005 and 10-05-2006.  Charge No. 3 refers to
"Law Violations: (a) Forgery; (b) Bad Checks; (c) Identity Theft,"
with the basis being, "The violation report dated 10-05-2006 and
the police report dated 09-10-2006."

Petitioner disputed these charges at the revocation hearing,
and presented evidence at the hearing that Petitioner had never
been convicted on said charges prior to, during or after the
revocation hearing, nor has he been convicted of said charges as
of the filing of this action.  The remaining charge by the Parole
Commission, Charge 2, alleged that Petitioner used dangerous and
habit forming drugs.  However, at the hearing Petitioner introduced
evidence that he had informed his parole officer that his physician
had prescribed him a pain medication for a degenerated disc that
did contain opiates.  Petitioner, through represented counsel,
W. Penn Hackney, furnished the Hearing Examiner with documented
proof of the pain medication that he was prescribed by the physician
to take.  However, the Parole Hearing Examiner found that Petitioner
had violated the terms and conditions of his parole, and directed
that Petitioner serve sixteen (16) months for these violations.
But, on February 21, 2007, the United States Parole Commission
issued it's "Notice of Action" reaffirming that Petitioner's

parole be revoked, but increased the term for the alleged violations to thirty-two (32) months to serve, double the time that the Parole Hearing Examiner imposed.

In Petitioner's case at bar, the probable cause findings by the Parole Commission and it's Parole Hearing Examiner do not meet the requirements set forth in the Supreme Court's decision of <u>Moody v. Daggett</u>, 429 U.S. 78, 50 L.Ed.2d 236, 97 S.Ct. 274 which noted, "...there is a practical aspect to consider, for in cases such as this, in which the parolee **admits or has been CONVICTED** of an offense plainly constituting a parole violation..." <u>Moody, Id.</u> at 245.

Petitioner neither admitted these violations, nor has he been convicted of any offense, in which the Parole Commission relied upon in revoking his parole and imposing an initial sixteen (16) months sentence, only to have the Parole Commission impose an additional sixteen (16) months when it rendered it's decision in the "Notice of Action," which totaled thirty-two (32) months for violations of offenses that Petitioner had never been convicted of.

Moreover, Petitioner presented evidence regarding Charge 2, "Use of Dangerous and Habit Forming Drugs," that he had informed his parole officer that his physician had prescribed him a pain medication for a degenerated disc that contained opiates.

Parole Board cannot revoke parole except on substantial evidence of parole violation; and revocation of parole on inferences and suspicions was invalid. <u>United States ex rel. DeLucia v. O'Donovan</u>, 107 F.Supp. 347.

Under 18 U.S.C.S. § 4214 the Commission is permitted to consider the most recent **CONVICTIONS** in determining offense severity

rating. <u>Butler v. U.S. Parole Commission</u>, 570 F. Supp. 67.

The validity of parole revocation based in part on state conviction is only affected where later acquittal removes all factual support from parole revocation. <u>Mack v. McCune</u>, 551 F.2d 251.

In Petitioner's case at bar, Petitioner was never convicted in the first instance, and there is no factual support for the Parole Commission's revocation of Petitioner's parole, as he was never convicted of the alleged offenses which formed the basis for the Parole Commission's revocation hearing as to Charges One and Three; and the evidence presented at the revocation hearing as to Charge 2 showed that Petitioner informed his parole officer that he had been prescribed pain medication for a degenerated disc that contained opiates, by his physician.

"Finding that 18 U.S.C.S. § 4214 has been violated provides independent basis for habeas corpus relief under 28 U.S.C.S. § 2241." <u>Theriault v. Quinlan</u>, 614 F.Supp. 209.


## CONCLUSION

WHEREFORE, based on  the foregoing facts, reasons and supporting case law, Petitioner should be immediately released from the custody of the Federal Bureau of Prisons, because the United States Parole Commission violated the Ex Post Facto Clause of the United States Constitution, as well as Petitioner's Fifth and Sixth Amendment rights to the United States Constitution.

Respectfully submitted this 5th day of ~~December~~ Jan, 2008.


Samuel Benedetto, Pro Se
Federal Register No. 01876-068
Federal Correctional Institution
Elkton
P.O. Box 10
Lisbon, OH  44432

-18-

| | |
|---|---|
| U.S. Department of Justice<br>United States Parole Commission<br>5550 Friendship Boulevard<br>Chevy Chase, Maryland 20815-7201 | FEB 2 2 2007 |

**Notice of Action**

| | |
|---|---|
| Name: BENEDETTO, Samuel | Institution: Alleghany County Jail<br>Pittsburgh, PA |
| Register Number: 01876-068 | Date: February 21, 2007 |

As a result of the hearing conducted on January 24, 2007, the following action was ordered:

### Local Revocation

Revoke parole. All of the time spent on parole shall be credited. Continue to a presumptive re-parole July 6, 2009 after service of 32 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Law Violations: (a) Possession of Heroin; (b) Tampering With Physical Evidence.

Basis: The police report dated 11-17-2005 and the violation report dated 12-29-2005.

Charge No. 2 - Use of Dangerous and Habit Forming Drugs.

Basis: The violation reports dated 12-29-2005 and 10-05-2006.

Charge No. 3 - Law Violations: (a) Forgery; (b) Bad Checks; (c) Identity Theft.

Basis: The violation report dated 10-05-2006 and the police report dated 09-10-2006.

## REASONS:

*Exhibit A*

Clerk: MDD

BENEDETTO 01876-068
Queued: 02-21-2007 11:58:07 USM-Western District of Pennsylvania | BOP-Designation & Sentence Computation Ctr |
USPO-Western District of Pennsylvania, 1 - Main (Pittsburgh) | USM-Western District of Pennsylvania, 1 - Main
(Pittsburgh) | FPD-Western District of Pennsylvania, Pittsburgh |

Your parole violation behavior has been rated as criminal conduct of Category Three severity because it involved Forgery between $2,000 and $40,000 and administrative violations. Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of 01-07-2007, you have been in confinement as a result of your violation behavior for a total of 2 month(s). Guidelines established by the Commission indicate a customary range of 24-32 months to be served before release. After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.


THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Designation & Sentence Computation Ctr
       U.S. Armed Forces Reserve Complex
       Grand Prairie Office Complex
       346 Marine Forces Drive
       Grand Prairie, TX 75051

       U.S. Marshals Service
       Western District of Pennsylvania
       539 U.S. Courthouse
       7th & Grant Streets
       Pittsburgh, PA 15219

       U.S. Probation Office
       Western District of Pennsylvania
       P. O. Box 1468
       Pittsburgh, PA 15230-1468

       Penn Hackney
       Federal Public Defenders Office
       Western District of Pennsylvania
       1450 Liberty Center
       1001 Liberty Avenue
       Pittsburgh, PA 15222-3714

Clerk:    MDD

BENEDETTO 01876-068
Queued: 02-21-2007 11:58:07 USM-Western District of Pennsylvania | BOP-Designation & Sentence Computation Ctr |
USPO-Western District of Pennsylvania, 1 - Main (Pittsburgh) | USM-Western District of Pennsylvania, 1 - Main
(Pittsburgh) | FPD-Western District of Pennsylvania, Pittsburgh |

# SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years) <br> No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time <br> Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | **F** - Older offenders <br> If the offender was 41 years of more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |

| Points For SFS Item C | | |
|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Queued: 02-21-2007 11:58:07 USM-Western District of Pennsylvania | BOP-Designation & Sentence Computation Ctr | USPO-Western District of Pennsylvania, 1 - Main (Pittsburgh) | USM-Western District of Pennsylvania, 1 - Main (Pittsburgh) | FPD-Western District of Pennsylvania, Pittsburgh |

may, where the Commission deems appropriate, include the specific reasons for the decision (*e.g.*, a copy of the Notice of Action or a summary thereof).

■§2.25 [RESERVED]

■§2.26 APPEAL TO NATIONAL APPEALS BOARD.

(a) (1) A prisoner or parolee may submit to the National Appeals Board a written appeal of any decision to grant (other than a decision to grant parole on the date of parole eligibility), rescind, deny, or revoke parole, except that any appeal of a Commission decision pursuant to §2.17 shall be submitted as a petition for reconsideration under §2.27.

(2) The appeal must be filed on a form provided for that purpose within 30 days from the date of entry of the decision that is the subject of the appeal. The appeal must include an opening paragraph that briefly summarizes the grounds for the appeal. The appellant shall then list each ground separately and concisely explain the reasons supporting each ground. Appeals that do not conform to the above requirements may be returned at the Commission's discretion, in which case the appellant shall have 30 days from the date the appeal is returned to submit an appeal that complies with the above requirements. The appellant may provide any additional information for the Commission to consider in an addendum to the appeal. Exhibits may be attached to an appeal, but the appellant should not attach exhibits that are copies of documents already in the possession of the Commission. Any exhibits that are copies of documents already in the Commission's files will not be retained by the Commission.

(b)(1) The National Appeals Board may: Affirm the decision of a Regional Commissioner on the vote of a single Commissioner other than the Commissioner who issued the decision from which the appeal is taken; or modify or reverse the decision of a Regional Commissioner, or order a new hearing, upon the concurrence of two Commissioners. The Commissioner first reviewing the case may in his discretion circulate the case for review and vote by the other Commissioners notwithstanding his own vote to affirm the Regional Commissioner's decision. In such event, the case shall be decided by the concurrence of two out of three votes.

(2) All Commissioners serve as members of the National Appeals Board, and it shall in no case be an objection to a decision of the Board that the Commissioner who issued the decision from which an appeal is taken participated as a voting member on appeal.

(c) The National Appeals Board shall act within sixty days of receipt of the appellant's papers, to affirm, modify, or reverse the decision. Decisions of the National Appeals Board shall be final.

(d) If no appeal is filed within thirty days of the date of entry of the original decision, such decision shall stand as the final decision of the Commission.

(e) Appeals under this section may be based upon the following grounds:

(1) That the guidelines were incorrectly applied as to any or all of the following:

(i) Severity rating;

(ii) Salient factor score;

(iii) Time in custody;

(2) That a decision outside the guidelines was not supported by the reasons or facts as stated;

(3) That especially mitigating circumstances (for example, facts relating to the severity of the offense or the prisoner's probability of success on parole) justify a different decision;

(4) That a decision was based on erroneous information, and the actual facts justify a different decision;

*Exhibit B*

(5)  That the Commission did not follow correct procedure in deciding the case, and a different decision would have resulted if the error had not occurred;

(6)  There was significant information in existence but not known at the time of the hearing;

(7)  There are compelling reasons why a more lenient decision should be rendered on grounds of compassion.

(f)  Upon the written request of the Attorney General seeking review of a decision of a Regional Commissioner, which is received within 30 days of such decision, the National Appeals Board shall reaffirm, modify, or reverse the Regional Commissioner's decision within 60 days of receipt of the Attorney General's request. The National Appeals Board shall inform the Attorney General and the prisoner to whom the decision applies in writing of its decision and the reasons therefor. In the event the Attorney General submits new and significant information that has not previously been disclosed to the prisoner prior to a hearing under these rules, the National Appeals Board shall act within 60 days to reaffirm, modify or reverse the Regional Commissioner's decision, but shall also remand the case for a new hearing if its decision is adverse to the prisoner. The prisoner shall have disclosure of the new information, and the opportunity to dispute that information under 28 C.F.R. 2.19(c) of this part. Following the hearing, the case shall be returned to the National Appeals Board, together with a recommendation from the hearing examiner, to render a final Commission decision as to the disposition of the case.

*Notes and Procedures*

▌2.26-01. *Date of Entry.* "Date of entry" of decision means the date stamped on the Notice of Action.

▌2.26-02. *Voting Quorum.*

(a) Decisions to affirm may be based on a single vote of a National Appeals Board member, other than a Commissioner who voted on the decision being appealed. All other actions shall be based on the concurrence of two votes.

(b) Notwithstanding his vote to affirm a decision, a National Appeals Board member may circulate the case for additional vote(s) if he believes that additional consideration is appropriate. Such action may be taken, for example, when the issue to be decided is novel or particularly complex. Such action also customarily will be taken when the Commissioner wishes to affirm the decision but to modify the reasons that accompanied that decision (for example, the reasons for a decision above the guidelines). Whenever this procedure is initiated, the final decision will be based upon the concurrence of two votes.

(c) If a concurrence of two votes is required and cannot otherwise be obtained, the case will be referred to the Regional Commissioner who made the initial decision to review and vote on the appeal. In the event, a concurrence of two votes still cannot be obtained, the original decision shall stand affirmed.

▌2.26-03. *Processing after Decision.* After voting by the National Appeals Board members, the case will be docketed and a Notice of Action prepared. The National Appeals Board decision becomes official upon docketing.

▌2.26-04. *Favorable New Information.* When significant new information is submitted as part of an appeal, the National Appeals Board may (a) act upon such new information, or (b) affirm the decision and notify the Regional Commissioner of the existence of such information by memo for possible reopening.

▌2.26-05. *Reasons for Reopening.* In the event the National Appeals Board reopens a case for a new hearing, such decisions shall be accompanied by the memorandum indicating to the examiners the reasons for this action, including any special instructions. A copy of the memorandum should be sent to the institution for its file. Such memo shall be prepared for possible disclosure as specified in § 2.28-01(b).

▌2.26-06. *Cases Previously Considered Under 28 C.F.R. 2.24.* The fact that a National Commissioner has voted on a case referred under 28 C.F.R. 2.24 (administrative review) shall not disqualify such Commissioner from voting on the same case later on an appeal under 28 C.F.R. 2.26, 2.27, or 2.220.

▌2.26-07. *Prohibition of More Adverse Decision.* No appeal by a prisoner shall result in a more adverse decision, except where there is discovery of new adverse information while the appeal is pending. In such case, the National Appeals Board may, under

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Samuel Benedetto

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _88888_
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se Pr

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 01876-068

**DEFENDANTS**

J. T. Shartle, Warden

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00115
Assigned To : Roberts, Richard W.
Assign. Date : 1/18/2008
Description: Habeas Corpus/2255

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

□ 3 Federal Question
(U.S. Government Not a Party)

● 2 U.S. Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties in item III)

**III CITIZEN**
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

□ **A. Antitrust**

□ 410 Antitrust

□ **B. Personal Injury/ Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

□ **C. Administrative Agency Review**

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

□ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

□ **E. General Civil (Other)  OR  □ F. Pro Se General Civil**

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Immigration**
□ 462 Naturalization Application
□ 463 Habeas Corpus- Alien Detainee
□ 465 Other Immigration Actions

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant

□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.

□ 460 Deportation
□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

— 0 —

| ☑ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☑ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>   (criteria: race, gender/sex,<br>   national origin,<br>   discrimination, disability<br>   age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>   (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>   Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>   Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>   Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>   Employment<br>☐ 446 Americans w/Disabilities-<br>   Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>   Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>   Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>   Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 22 41 - Habeas Corpus

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES ☑ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☑ NO   If yes, please complete related case form.

**DATE** 1.18.08   **SIGNATURE OF ATTORNEY OF RECORD** *Neil*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd